**Joanne P. ALACK Plaintiff**

v.

**BEAU RIVAGE RESORTS, INC. Defendant**

**No. 1:01–CV–423 (BR)(R).**

United States District Court, S.D. Mississippi, Southern Division.

April 25, 2003.

Robert F. Weaver, Jr., D'Iberville, MS, for Joanne P. Alack.

Ann Bowden-Hollis, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Gulfport, MS, for Beau Rivage Resorts.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the defendant Beau Rivage Resorts, Inc. ("Beau Rivage")'s motion for summary judgment (docket entry 26). Having care-. fully considered the motion and response, the briefs of the parties and all supporting documents, as well as the applicable law, the Court finds as follows:

In this action, the plaintiff alleges retaliation against her by Beau Rivage in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*); wrongful termination under state law; and intentional infliction of emotional distress under state law. The defendant moves for summary judgment on all claims.

Summary judgment is designed "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citation and internal quotation omitted);

*see Berry v. Armstrong Rubber Co.,* 780 F.Supp. 1097, 1099 (S.D.Miss.1991), *aff'd,* 989 F.2d 822 (5th Cir.1993). A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990). Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate. *Id.* The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed. R.Civ.P. 56(e); *Fields v. South Houston,* 922 F.2d 1183, 1187 (5th Cir.1991). If the nonmovant satisfies its burden, summary judgment will not be granted. *Id.*

The plaintiff, Joanne Alack, began working for the defendant, Beau Rivage, on November 7, 2000. She was hired as an at-will employee under Mississippi law, initially for a 180–day orientation period, in accordance with Beau Rivage's employment policy. On February 28, 2001, one of Alack's co-workers, Anita Jacobs, had a confrontation with one of her superiors, Tina Sumpter, during a meeting with Sumpter and another supervisor, Cathy Stringfellow. Later that day, Jacobs was overheard by her co-workers making derogatory remarks and threats against Sumpter. Beau Rivage began an investigation of the incident that same day, and a number of employees were interviewed. Alack was interviewed because she was with Jacobs shortly after the incident, during the time other employees stated they heard the remarks and threats Jacobs made against Sumpter. During her first interview, Alack denied that she heard any derogatory remarks or threats.

One of the investigators, Connie Mackay, head of human resources, subsequently met with Jacobs. According to Mackay, Jacobs admitted making certain derogatory remarks concerning Sumpter in Alack's presence, and Jacobs told Mackay that Alack responded to the remarks. (Mackay Affid. ¶ 8). The investigators decided to question Alack again. At a March 1, 2001, meeting, they told Alack what other employees had heard, and asked if she had heard anything similar. (Mackay Affid. ¶ 9). When Alack again denied hearing anything, she was asked to provide a written statement to that effect, but she refused to do so. (Mackay Affid. ¶ 9). She was informed that her refusal constituted grounds for termination, and was invited to think on it overnight. The next day, March 2, she still refused to provide a written statement to the management representatives. Alack was placed on suspension pending investigation, in accordance with Beau Rivage's routine practice. She was later given a due process hearing and terminated on March 12, 2001, for insubordination, interference with company efficiency, rude and discourteous conduct toward supervisors, and failure to follow established work methods. (Mackay Affid. ¶¶ 9–10; Separation Personnel Action Notice).

To establish a prima facie case of retaliation, the plaintiff must show "(1) that she engaged in activity protected by Title VII; (2) that she suffered an adverse employment action; and (3) that a causal connection exists between the protected

activity and the adverse employment action." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir.2000). If the plaintiff can establish a prima facie case of retaliation, the burden of producing some nondiscriminatory reason falls upon the defendant. The plaintiff then assumes the burden of showing that the reasons given were a mere pretext for retaliation. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir.1992). The ultimate issue of retaliation requires the plaintiff to prove that the adverse employment action would not have occurred "but for" the protected activity. *See Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir.1996). Alack must reveal a conflict in substantial evidence on the ultimate issue of retaliation in order to withstand a motion for summary judgment. *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir.1996).

 Title VII's retaliation provision makes it unlawful for an employer to discriminate against an employee because she "has opposed any practice made an unlawful employment practice by this chapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 2000e–3. Thus, Title VII prohibits retaliation in instances of either protected opposition or protected participation. Although the elements of a retaliation claim are the same in either instance, federal courts have generally granted less protection for activity falling under the opposition clause. *Aldridge v. Tougaloo College*, 847 F.Supp. 480, 483 (S.D.Miss.1994). Alack claims that she both opposed an unlawful employment practice and participated in and assisted in a Title VII action filed by Jacobs.

 To establish a claim under the opposition clause, a plaintiff must demonstrate "(1) a statutorily protected expression; (2) an adverse employment action; and (3) a causal link between the protected expression and the adverse action." *Id.* The first element requires Alack to establish that at the time she refused to give a signed statement, she was engaged in conduct that was in opposition to a Beau Rivage employment practice that was unlawful under Title VII, or which she reasonably believed to be unlawful under Title VII. *Id.* at 484. The prohibition of retaliation protects employees who use informal methods to voice their complaints, as well as those who file formal charges.

Such informal means include "making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of co-workers who have filed formal charges." [*Sumner v. United States Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990).] However, an employee's statement cannot be deemed to be in opposition to an unlawful employment practice unless it refers to and opposes a specific practice of the employer. *See Dupont–Lauren v. Schneider, Inc.*, 994 F.Supp. 802, 823 (S.D.Tex.1998) (holding employee's statement did not constitute opposition where she made vague comments that failed to apprize employer of any particular practices she viewed as discriminatory or unlawful, nor did she accuse any particular co-worker or supervisor of discrimination). At the very least, if the statement does not mention a specific act of discrimination, the employer must be able to discern from the context of the statement that the employee opposes an allegedly unlawful employment practice. *See EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012–13 (9th Cir.1983) (finding employee engaged in protected activity where he issued a letter accusing his employer of "racism" and "discrimination" because the allegedly unlawful employment prac-

tices protested by the employee could be discerned from the context of the letter). *Erlinger v. Denamerica Corp.*, 2000 WL 537346 *4 (N.D.Tex. May 3, 2000).

 In the instant case, the plaintiff has failed to show how she "opposed" a violation of Title VII. Although express complaints to supervisors about perceived discriminatory practices constitute protected activity,

> the "wide range" of protected activity clearly does not include those situations where the opposition relates not to unlawful employment practices but to a personal grievance .... Employees often do not speak with the clarity or precision of lawyers. At the same time, however, employers need not approach every employee's comment as a riddle, puzzling over the possibility that it contains a cloaked complaint of discrimination. But the thrust of inartful, subtle, or circumspect remarks nevertheless may be perfectly clear to the employer, and the Court discerns no evidence that Congress intended to protect only the impudent or articulate. The relevant question, then, is not whether a formal accusation of discrimination is made but whether the employee's communications to the employer sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner.

*Garcia–Paz v. Swift Textiles, Inc.*, 873 F.Supp. 547, 559–60 (D.Kan.1995) (citations and parentheticals omitted).

The plaintiff has submitted no evidence that her refusal to provide a written statement could be construed as a statement in opposition to an unlawful employment practice. Alack understood that as an employee of Beau Rivage, she had an obligation to cooperate in internal investigations, to answer questions asked, and to provide a written statement when asked to do so. (Alack Depo., Oct. 20, 2001, pp. 34–

35). She contends that "[a]t the time a written statement was demanded of her, [she] believed that the company would only be satisfied with a statement to the effect she had heard Ms. Jacobs use profanity and make a threatening comment toward Tina Sumpter." (Plaintiff's Brief, p. 7). However, at no time did any Beau Rivage employee tell Alack what to put in her statement, or suggest that she would be terminated if her statement was not disfavorable to Jacobs:

> Q: At any time, did anyone in the second meeting tell you what had to be in the statement you were asked to give?
> A: No, they did not tell me what had to be in it.
> Q: All right. At any time did anyone at the second meeting tell you that you had to say in your written statement things that you had not heard?
> A: They did not tell me to write things I did not hear.

(Alack Depo., Oct. 20, 2001, pp. 85–86).

> Q: At that point [the third meeting], when you told them you weren't going to give a statement and you weren't going to resign, did anybody in that room tell you what had to be in the statement?
> A: Not that day. Well, no.
> Q: And, if fact, am I correct that over this series of three meetings, no one told you what had to be in your statement, correct?
> A: Correct.

(Alack Depo., Oct. 20, 2001, pp. 94–95). The plaintiff also does not dispute Cathy Stringfellow's testimony that she told the plaintiff "all they want is a statement, whether you heard something or you did not hear something." (Stringfellow Depo., Oct. 11, 2002, pp. 48–49).

A mere subjective belief that her employer was looking for a certain kind of statement is insufficient to meet the plain-

tiff's burden. The evidence submitted by Alack does not support a finding that she was opposing an unlawful employment practice. To the contrary, the undisputed facts show that the defendant was simply trying to conduct a routine investigation into the Jacobs incident.

■ Alack also claims that she was participating and assisting in a Title VII action filed by Jacobs. However, it is undisputed that the EEOC charges filed by Jacobs were never discussed at the meetings with Alack. In fact, Alack did not learn that Jacobs had filed a lawsuit against Beau Rivage until after March 12, 2001. (Alack Depo., Oct. 20, 2001, pp. 30–32, 42–44). As the plaintiff herself notes, it is undisputed that Ms. Alack was unaware of Anita Jacob's Title VII activities at the time of the investigation and meetings. (Plaintiff's Brief, p. 1). Since Alack had not instigated any proceedings herself, and did not testify, assist, or participate in an EEOC investigation, her allegations cannot fall under the participation clause. *See Aldridge v. Tougaloo College,* 847 F.Supp. 480, 483 (S.D.Miss.1994). The plaintiff has submitted no evidence to suggest that her termination was motivated by retaliation, and her retaliation claim must fail.

■ As for the plaintiff's wrongful termination claim under Mississippi law, it is undisputed that she was an at-will employee who could be terminated at any time. Mississippi does recognize a narrow public policy exception to the employment-at-will rule, under which it is considered wrongful termination to discharge an employee for (1) refusing to engage in an illegal act, or (2) reporting the employer's illegal act the employer or anyone else. *McArn v. Allied Bruce–Terminix Co.,* 626 So.2d 603, 606 (Miss.1993). However, "[t]he *McArn* exception has never been held to protect activity other than the reporting of, or refusal to commit, criminal acts." *See*

*Howell v. Operations Management International, Inc.,* 161 F.Supp.2d 713, 719 (N.D.Miss.2001). The plaintiff does not discuss this claim in her brief, despite the defendant's motion for summary judgment and legal argument in the defendant's brief. The Court therefore considers the motion for summary judgment conceded on this point.

■ Finally, the plaintiff alleges intentional infliction of emotional distress under state law. Alack alleges that Beau Rivage "attempt[ed], through coercion and duress, to force Plaintiff to choose between participation in unlawful conduct or loss of employment." (Complaint, ¶ 11). As previously discussed in relation to her retaliation claim, Alack has failed to present any evidence of coercion or duress. At most, her refusal to provide a written statement can be characterized as an employment dispute. *See Jenkins v. City of Grenada,* 813 F.Supp. 443, 446–47 (N.D.Miss.1993) (meeting the requisite elements of a claim for intentional infliction of emotional distress "is a tall order in Mississippi," and "does not ordinarily lie for mere employment disputes"). Moreover, to be actionable, the defendant's conduct must evoke outrage or revulsion. *Eaves v. K–Mart Corp.,* 193 F.Supp.2d 887, 894 (S.D.Miss. 2001); *Burris v. South Central Bell Telephone Co.,* 540 F.Supp. 905, 907 (S.D.Miss. 1982). The conduct alleged by Alack, even if it were true, is no more egregious than other conduct held, as a matter of law, not to be "extreme and outrageous." *See, e.g., Jenkins,* 813 F.Supp. at 447 (unfair criticism of job performance, poor evaluations, demands that employee quit or face threat of defendant fabricating a case against her to justify termination). The plaintiff's claim is without a factual or legal basis.

The Court finds that the defendant's motion for summary judgment is well taken as to all claims. Accordingly,

IT IS HEREBY ORDERED that the defendant Beau Rivage Resorts, Inc.'s motion for summary judgment (docket entry 26) is GRANTED.

A separate final judgment dismissing this action with prejudice shall follow.

*FINAL JUDGMENT*

This cause having come before the Court on the defendant Beau Rivage Resorts, Inc.'s motion for summary judgment, and the Court having granted the motion as to all claims in a Memorandum Opinion and Order of even date herewith; accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that this action is dismissed with prejudice.